IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN J. BONTTY,

      Plaintiff,                    No. 2:10-cv-2486 WBS KJN P

    vs.

SECOND WATCH, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel, who has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff filed this action in September 2010, and sought leave to proceed in forma pauperis. Despite repeated orders by this court, plaintiff failed to provide a copy of his prison trust account statement in support of his application to proceed in forma pauperis. On April 18, 2011, the court issued findings and recommendations that this action be dismissed due to plaintiff's failure to comply with the court's orders to provide the requisite statement. However, plaintiff has now submitted a copy of his prison trust account statement.[1] (Dkt. No. 11.) The court therefore vacates the findings and recommendations, and

---

[1] Although the statement is neither certified nor comprehensive for the six-month period preceding the filing of plaintiff's complaint, see 28 U.S.C. § 1915(a)(2), the current statement is adequate for this court's assessment.

1

proceeds to assess the merits of plaintiff's application to proceed in forma pauperis and his complaint.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  However, because it is unclear whether petitioner's pleading was properly framed as a civil rights complaint, rather than a petition for writ of habeas corpus, and the filing costs associated with each pleading are different, the court will defer ruling on the application to proceed in forma pauperis.  See 28 U.S.C. § 1915(a).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's complaint names as defendants the "2nd and 3rd Watch's in this (P.S.U.) Psychiatric Servi[c]es Unit" (sic), and alleges both that plaintiff "thought I was suppose[d] to get release[d]," and seeks to "get my time back," as well as that "Watch Staff" (apparently correctional officers Manson and Grigsby), improperly searched plaintiff's cell while plaintiff was showering.  (Dkt. No. 1 at 3.)

A challenge to the fact or duration of a prisoner's confinement must be brought pursuant to a petition for writ of habeas corpus *after* exhaustion of all available state court remedies.  28 U.S.C. § 2254.  In contrast, a challenge to a condition of confinement must be brought in a civil rights complaint *after* exhaustion of all administrative remedies.  42 U.S.C. § 1983.  However, plaintiff is informed that prisoners have no Fourth Amendment right of privacy in their cells.  See Hudson v. Palmer, 468 U.S. 517, 525-26 (1984).  Nor do inmates have a right to be present when their cells as searched.  Bell v. Wolfish, 441 U.S. 520, 555-57 (1979); Mitchell v. Dupnik, 75 F.3d 517, 522 (9th Cir. 1996).

Because it is unclear whether plaintiff should maintain this action pursuant to a civil rights complaint or a petition for writ of habeas corpus, and because the filing costs associated with each pleading are different ($5 to file a petition for writ of habeas corpus; $350 to file a civil complaint), the court will accord plaintiff the opportunity to file an amended pleading.

Plaintiff is informed that, should he intend to pursue a civil rights action, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Further, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 18, 2011 (Dkt. No. 9), are vacated (the "Order" portion of the document shall stand);

2. The court defers ruling on the application to proceed in forma pauperis (Dkt. No. 7), pending the filing of an amended pleading.

3. The Clerk of Court is directed to send plaintiff the forms for filing a civil rights complaint and a habeas corpus petition (plaintiff must make a choice and file only one completed pleading);

1      4.  On or before June 24, 2011, plaintiff shall file either a habeas corpus petition pursuant to 28 U.S.C. § 2254, <u>or</u> an amended civil rights complaint pursuant to 42 U.S.C. § 1983; and

    5.  Failure to timely comply with this order will result in a recommendation that this action be dismissed.

    SO ORDERED.

DATED: May 20, 2011

                                   KENDALL J. NEWMAN
                                   UNITED STATES MAGISTRATE JUDGE

bont2486.scrn.2