IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN J. BONTTY,

        Plaintiff,                  No. 2:10-cv-2486 WBS KJN P

   vs.

SECOND WATCH, et al.,           ORDER and

        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner currently incarcerated at California State Prison-Sacramento. Plaintiff proceeds without counsel in this action, commenced on September 15, 2010, when plaintiff filed his initial complaint. Despite several orders of this court, plaintiff did not complete his application to proceed in forma pauperis until May 18, 2011. The court then deferred ruling on the application until plaintiff filed an amended pleading that clearly stated a potentially cognizable claim either in civil rights or habeas corpus. (Dkt. No. 12.) Plaintiff has now filed an "Amended Complaint" (Dkt. No. 14) that is frivolous and fails to state a claim.

        Nonetheless, the court will process plaintiff's application to proceed in forma pauperis. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

1

1  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing
2  fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court
3  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison
4  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to
5  make monthly payments of twenty percent of the preceding month's income credited to
6  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to
7  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing
8  fee is paid in full.  28 U.S.C. § 1915(b)(2).

9    The court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
11 § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13 granted, or that seek monetary relief from a defendant who is immune from such relief.
14 28 U.S.C. § 1915A(b)(1),(2).

15   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
17 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
18 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
19 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
20 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21 Cir. 1989); Franklin, 745 F.2d at 1227.

22   In the present case, plaintiff's claims are patently frivolous.  The statement of his
23 claim provides in full (Dkt. No. 14 at 3) (sic):

24 > I'm a idiot, I'd institute this or form's that interpret.  I'd intercede
> my innocent, so forth . . . also w/ property officer "A" Yard Vela,
25 > he negligence w/ officer's that are nincompoop's, I've reside in my
> cell, I've was maelstrom issued from corrupt officer's.  this is
26 > ridiculous, Id poverty to reside from calaboose's.  I've abhor and

> abominate with corporal's.  I'm stress out and Sgt. T. Gomez he
> suppress me, he unsucculent, he remand me in this section.  Id
> cognizance he insensate.

Plaintiff seeks no cognizable relief.  The court has reviewed the exhibits attached to plaintiff's Amended Complaint and his letter filed June 2, 2011 (Dkt. No. 13).  Exhibits attached to the complaint include multiple worksheets for assessing plaintiff's Security Housing Unit ("SHU") terms, and a partial administrative grievance pursuant to which plaintiff sought the return of several items of property; plaintiff "withdrew" the grievance at the first formal level of review (Dkt. No. 14 at 22).  Exhibits attached to plaintiff's June letter include a fully exhausted administrative grievance challenging the alleged denial of yard time; the Director's level review was issued on May 12, 2009.  (Dkt. No. 13 at 3-10.)  However, the Amended Complaint does not address yard time.

The court is compelled to recommend dismissal of the Amended Complaint due to the frivolous nature of the allegations, and plaintiff's failure to state a potentially cognizable claim.  28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).  This court will not grant plaintiff leave to file a further amended complaint.  Plaintiff's Amended Complaint is unintelligible and "cannot possibly be saved."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."); see also Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

The court's rulings and recommendations herein are informed by the undersigned's review of the *seventeen other cases* plaintiff has filed in this court.  Most of these cases were dismissed due to plaintiff's failure to complete the in forma pauperis application; it appears that plaintiff's application was granted in only two prior cases:  (1) Bontty v. Minton, Case No. 2:10-cv-1903 MCE JFM P (dismissed for failure to file an amended complaint); and

1  (2) <u>Bontty v. Rhode</u>, Case No. 2:10-cv-3479 DAD P (awaiting the filing of an amended
2  complaint).

3        One of plaintiff's prior cases was dismissed for failure to state a claim/frivolity,
4  without requiring plaintiff to complete his in forma pauperis application.  See <u>Bontty v. Lunch</u>
5  <u>Supplies</u>, Case No. 2:10-cv-2613 WBS EFB P (dismissed April 6, 2011).

6        Therefore, plaintiff is informed that dismissal of the instant case for failure to state
7  a claim/frivolity will be the second case counted toward plaintiff's "three strikes" preclusion
8  under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  If a third case is "dismissed on the
9  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,"
10 28 U.S.C. § 1915(g), then plaintiff will be unable to proceed in forma pauperis in any other civil
11 action brought during his incarceration.  Stated differently, if this court dismisses a third case for
12 any of the reasons noted above, plaintiff will be able to pursue a civil action in this court only if
13 he first pays the full filing fee (currently $350).  While the "three strikes" statute provides an
14 exception to inmates who demonstrate that they are "under imminent danger of serious physical
15 injury," this standard presents a high bar.  Further, the imminent danger "exception applies [only]
16 if the danger existed at the time the prisoner filed the complaint."  <u>Andrews v. Cervantes</u>, 493
17 F.3d 1047, 1053 (9th Cir. 2007) (citation and internal quotation marks omitted).

18       Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:
19       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
20       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
21 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
22 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
23 Director of the California Department of Corrections and Rehabilitation filed concurrently
24 herewith.

25       In addition, IT IS HEREBY RECOMMENDED that:
26       1.  Plaintiff's Amended Complaint be dismissed with prejudice, as frivolous and

for failure to state a claim on which relief can be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii); and

    2. This action be dismissed, and designated plaintiff's "second strike" pursuant to 28 U.S.C. § 1915(g).

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 22, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bont2486.f&r.dsms.